**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **MANDS ELECTRIC NC LLC,** | **Case No.: 26-01997-5-DMW** |
| **Debtor.** | |

**DEBTOR'S MOTION TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF LIENS HELD BY AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL PURSUANT TO 11 U.S.C. § 506(a)**

Mands Electric NC LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by and through undersigned counsel, respectfully submits this Motion to Value Collateral and Determine Secured Status of Liens Held by AmeriCredit Financial Services, Inc. dba GM Financial (the "Motion"), and in support thereof states as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are section 506(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3012 of the Federal Rules of Bankruptcy Procedure.

## Background

4. On May 22, 2026, the Debtor filed its schedules of assets and liabilities and related statements with this Court.

5. As set forth on the Debtor's Schedule D and in the proofs of claim filed in this case, AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial") asserts secured claims against the Debtor arising from purchase-money security interests in eight (8) titled motor vehicles owned by the Debtor.

6. GM Financial has filed eight (8) proofs of claim with respect to these vehicles, designated on the Court's claims register as Claim Nos. 6, 7, 8, 9, 10, 11, 12, and 13. On each filed proof of claim, GM Financial asserts that the claim is secured by a lien on a motor vehicle perfected by a Certificate of Title, that the entire amount of the claim is secured, and that $0.00 is unsecured.

## The GM Financial Collateral and Claims

7. The Debtor has evaluated its vehicle fleet in the exercise of its business judgment and has determined to retain three (3) of the vehicles securing GM Financial's claims and to surrender the remaining five (5) vehicles to GM Financial. By this Motion, the Debtor seeks to value the three (3) vehicles it intends to retain and to provide for the surrender of the remaining five (5) vehicles.

8. The Debtor's Schedule A/B values each vehicle the Debtor intends to retain using the Kelley Blue Book valuation method. The Debtor submits that the Kelley Blue Book values reflected on its schedules represent the fair market value of those vehicles as of the petition date and constitute the appropriate replacement value under section 506(a)(2).

9. By contrast, on its filed proofs of claim, GM Financial asserts its own, generally higher, values for the vehicles and contends that each claim is fully secured with no unsecured component. The Debtor disputes GM Financial's valuations and its assertion that the claims are fully secured, and submits that the Kelley Blue Book values set forth below reflect the value of the collateral for purposes of section 506(a).

10. The following table sets forth, for each of the three (3) vehicles the Debtor intends to retain, the amount of GM Financial's claim as asserted in its filed proof of claim, the value of the collateral as reflected on the Debtor's Schedule A/B and Schedule D, and the resulting secured and unsecured portions of the claim based on the Debtor's valuation.

| **Vehicle (Year/Make/Model) & VIN** | **Acct. (last 4)** | **Filed Claim Amount** | **Collateral Value** | **Secured Portion** | **Unsecured Portion** |
|---|---|---|---|---|---|
| 2024 Chevrolet Silverado 1500, VIN 1GCRAAEK1RZ352761 (Claim No. 6) | 1340 | $37,365.52 | $22,350.00 | $22,350.00 | $15,015.52 |
| 2021 Chevrolet Silverado 1500, VIN 1GCUYEEL4MZ406424 (Claim No. 8) | 4524 | $46,452.88 | $34,569.00 | $34,569.00 | $11,883.88 |
| 2025 Chevrolet Silverado 1500, VIN 1GCRAAEK7SZ128223 (Claim No. 12) | 9233 | $41,292.00 | $30,320.00 | $30,320.00 | $10,972.00 |
| **TOTALS** | | **$125,110.40** | **$87,239.00** | **$87,239.00** | **$37,871.40** |

11. Based on the amounts asserted in GM Financial's filed proofs of claim and the Debtor's Kelley Blue Book valuations, the amount of GM Financial's claim exceeds the value of the collateral securing that claim with respect to each of the three (3) vehicles the Debtor intends to retain, rendering each such claim partially secured and partially unsecured under section 506(a), as set forth in the table above. With respect to the remaining five (5) vehicles securing GM Financial's claims, the Debtor, in the exercise of its business judgment, has determined to surrender each such vehicle to GM Financial, and any deficiency remaining after surrender shall be treated as a general unsecured claim against the estate. The five (5) vehicles to be surrendered are as follows:

A. 2024 Chevrolet Silverado 1500, VIN 1GCPAAED2RZ162380 (Claim No. 7);

B. 2021 Chevrolet Silverado 1500, VIN 3GCUYHEL1MG188542 (Claim No. 9);

C. 2020 Chevrolet Silverado 1500, VIN 3GCPYFEL9LG421874 (Claim No. 10);

D. 2022 RAM 1500 Classic, VIN 3C6JR6DG1NG374521 (Claim No. 11); and

E. 2022 Chevrolet Silverado 1500, VIN 3GCNAAED2NG554373 (Claim No. 13).

**Relief Requested**

12. By this Motion, the Debtor requests entry of an order under section 506(a) and Rule 3012 (a) valuing each of the three (3) retained vehicles in the amounts set forth above; (b) determining that GM Financial holds a secured claim in each such vehicle only to the extent of the value of that vehicle, with the balance of each such claim treated as a general unsecured claim; and (c) authorizing the Debtor to surrender the remaining five (5) vehicles to GM Financial, with any deficiency treated as a general unsecured claim.

**Basis for Relief**

13. Section 506(a)(1) of the Bankruptcy Code provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property," and "is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1). A claim is thus bifurcated into secured and unsecured components based on the value of the collateral.

14. Section 506(a)(1) further provides that value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506(a)(1). The Debtor submits that the Kelley Blue Book values used on its schedules reflect the appropriate value of the vehicles for purposes of this Motion.

15. Federal Rule of Bankruptcy Procedure 3012 authorizes the Court, on motion after notice and a hearing, to "determine the amount of a secured claim under § 506(a)." The relief requested is consistent with Rule 3012 and section 506(a).

16. Determination of the secured status of GM Financial's claims is necessary and appropriate to enable the Debtor to formulate and propose a plan of reorganization that accurately reflects the secured and unsecured portions of GM Financial's claims and provides for their treatment accordingly.

**Notice**

17. Notice of this Motion will be provided to AmeriCredit Financial Services, Inc. dba GM Financial, the Bankruptcy Administrator, and all parties requesting or entitled to notice. The Debtor submits that no other or further notice is required.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (a) granting this Motion; (b) valuing each of the three (3) vehicles the Debtor intends to retain in the amounts set forth in Paragraph 10 above; (c) determining, pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012, that GM Financial holds a secured claim in each such vehicle only to the extent of the value of that vehicle, with the balance of each such claim allowed as a general unsecured claim; (d) authorizing the Debtor to surrender the remaining five (5) vehicles to GM Financial, with any deficiency allowed as a general unsecured claim; and (e) granting such other and further relief as the Court deems just and proper.

Respectfully submitted, this 31st day of July, 2026.

**WALDREP WALL BABCOCK & BAILEY PLLC**

*<u>/s/ Jennifer B. Lyday</u>*
Ciara L. Rogers
N.C. State Bar No. 42571
Jennifer B. Lyday
N.C. Bar No. 39871
Zachary Malnik
N.C. State Bar No. 61807
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: (919)-589-7985
Email: jlyday@waldrepwall.com
*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:**
**MANDS ELECTRIC NC LLC,**
**Debtor.**

**Chapter 11**
**Case No.: 26-01997-5-DMW**

**ORDER GRANTING DEBTOR'S MOTION TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF LIENS HELD BY AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL**

THIS MATTER coming before the Court on the Debtor's Motion to Value Collateral and Determine Secured Status of Liens Held by AmeriCredit Financial Services, Inc. dba GM Financial Pursuant to 11 U.S.C. § 506(a) (the "Motion") filed by Mands Electric NC LLC (the "Debtor"); and the Court having reviewed the Motion and any responses thereto; and it appearing that due and proper notice of the Motion was given to all parties entitled to receive notice; and no timely response or objection having been filed, or any response having been resolved or overruled; and the Court finding that the relief requested is appropriate under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012; and good cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

2. Pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012, the three (3) vehicles the Debtor intends to retain, which secure the claims of GM Financial, are valued as follows: (a) 2024 Chevrolet Silverado 1500, VIN 1GCRAAEK1RZ352761 (account ending 1340, Claim No. 6), is valued at $22,350.00; (b) 2021 Chevrolet Silverado 1500, VIN 1GCUYEEL4MZ406424 (account ending 4524, Claim No. 8), is valued at $34,569.00; and (c) 2025 Chevrolet Silverado 1500, VIN 1GCRAAEK7SZ128223 (account ending 9233, Claim No. 12), is valued at $30,320.00.

3. GM Financial holds an allowed secured claim in each such retained vehicle only to the extent of the value of that vehicle as set forth above, and the balance of each such claim is allowed as a general unsecured claim, as follows: Claim No. 6 is secured in the amount of $22,350.00 with a general unsecured claim of $15,015.52; Claim No. 8 is secured in the amount of $34,569.00 with a general unsecured claim of $11,883.88; and Claim No. 12 is secured in the amount of $30,320.00 with a general unsecured claim of $10,972.00, all as provided in 11 U.S.C. § 506(a).

4. The Debtor is authorized to surrender the remaining five (5) vehicles securing GM Financial's claims, and any deficiency remaining after surrender shall be allowed as a general unsecured claim. The vehicles to be surrendered are: 2024 Chevrolet Silverado 1500, VIN 1GCPAAED2RZ162380 (Claim No. 7); 2021 Chevrolet Silverado 1500, VIN 3GCUYHEL1MG188542 (Claim No. 9); 2020 Chevrolet Silverado 1500, VIN 3GCPYFEL9LG421874 (Claim No. 10); 2022 RAM 1500 Classic, VIN 3C6JR6DG1NG374521 (Claim No. 11); and 2022 Chevrolet Silverado 1500, VIN 3GCNAAED2NG554373 (Claim No. 13).

5. Nothing in this Order constitutes an admission as to the validity, priority, or amount of any claim, and the Debtor's rights to object to GM Financial's claims on any other grounds are expressly reserved.

6. The Debtor is authorized to take all actions reasonably necessary to effectuate this Order.

**END OF DOCUMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, a copy of the foregoing Debtor's Motion to Value Collateral and Determine Secured Status of Liens Held by AmeriCredit Financial Services, Inc. dba GM Financial Pursuant to 11 U.S.C. § 506(a), the Notice of Motion, and the Proposed Order Granting the Motion were served via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, and via U.S. Mail, first class, postage prepaid, upon the following parties:

**AmeriCredit Financial Services, Inc. dba GM Financial**
PO Box 183853
Arlington, TX 76096

Dated: July 31, 2026

**WALDREP WALL BABCOCK & BAILEY PLLC**

*/s/ Jennifer B. Lyday*
Jennifer B. Lyday, N.C. Bar No. 39871
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: (919) 589-7985
Email: jlyday@waldrepwall.com

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:**
**MANDS ELECTRIC NC LLC,**
**Debtor.**

**Chapter 11**
**Case No.: 26-01997-5-DMW**

# NOTICE OF MOTION

**TO ALL CREDITORS, PARTIES IN INTEREST, AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN of the Debtor's Motion to Value Collateral and Determine Secured Status of Liens Held by AmeriCredit Financial Services, Inc. dba GM Financial Pursuant to 11 U.S.C. § 506(a) (the "Motion") filed in the above-captioned case by the Debtor, Mands Electric NC LLC; and

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and request for a hearing is made by any party in interest, in writing to the Clerk of this Court, within fourteen (14) days from the date of this Notice; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing is filed by any creditor or other party in interest named herein in writing by the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time, and place to be later set by the Court, and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Motion ex parte without further notice.

Date of Notice: July 31, 2026

**WALDREP WALL BABCOCK & BAILEY PLLC**

*<u>/s/ Jennifer B. Lyday</u>*
Jennifer B. Lyday, N.C. Bar No. 39871
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: (919) 589-7985
Email: jlyday@waldrepwall.com

*Counsel for the Debtor*