**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **MANDS ELECTRIC NC LLC** | **Case No. 26-01997-5-DMW** |

**Debtor.**

**DEBTOR'S MOTION TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF LIENS HELD BY SANTANDER CONSUMER USA INC. PURSUANT TO 11 U.S.C. § 506(a)**

Mands Electric NC LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by and through undersigned counsel, respectfully submits this Motion to Value Collateral and Determine Secured Status of Liens Held by Santander Consumer USA Inc. (the "Motion"), and in support thereof states as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are section 506(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3012 of the Federal Rules of Bankruptcy Procedure.

## Background

4. On May 22, 2026, the Debtor filed its schedules of assets and liabilities and related statements with this Court.

5. As set forth on the Debtor's Schedule D and in the proofs of claim filed in this case, Santander Consumer USA Inc. ("Santander") asserts a secured claim against the Debtor arising from a purchase-money security interest in one (1) titled motor vehicle owned by the Debtor.

6. Santander has filed one (1) proof of claim with respect to this vehicle, designated on the Court's claims register as Claim No. 23. On its filed proof of claim, Santander asserts that the claim is secured by a lien on a motor vehicle perfected by a Certificate of Title, and asserts a secured amount of $29,675.00 with $8,437.53 unsecured.

## The Santander Collateral and Claim

7. The Debtor has evaluated its vehicle fleet in the exercise of its business judgment and has determined to retain the vehicle securing Santander's claim. By this Motion, the Debtor seeks to value the vehicle it intends to retain.

8. The Debtor's Schedule A/B values each vehicle the Debtor intends to retain using the Kelley Blue Book valuation method. The Debtor submits that the Kelley Blue Book values reflected on its schedules represent the fair market value of those vehicles as of the petition date and constitute the appropriate replacement value under section 506(a)(2).

9. By contrast, on its filed proof of claim, Santander asserts its own value for the vehicle. The Debtor disputes Santander's valuation and submits that the Kelley Blue Book value set forth below reflects the value of the collateral for purposes of section 506(a).

10. The following table sets forth the amount of Santander's claim as asserted in its filed proof of claim, the value of the collateral as reflected on the Debtor's Schedule A/B and Schedule D, and the resulting secured and unsecured portions of the claim based on the Debtor's valuation:

| Vehicle (Year/Make/Model) & VIN | Acct. (last 4) | Filed Claim Amount | Collateral Value | Secured Portion | Unsecured Portion |
|---|---|---|---|---|---|
| 2024 Chevrolet Silverado 1500, VIN 1GCRAAEK7RZ352909 (Claim No. 23) | 1651 | $38,112.53 | $22,110.00 | $22,110.00 | $16,002.53 |
| **TOTALS** | | **$38,112.53** | **$22,110.00** | **$22,110.00** | **$16,002.53** |

11. Based on the amount asserted in Santander's filed proof of claim and the Debtor's Kelley Blue Book valuation, the amount of Santander's claim exceeds the value of the collateral securing that claim, rendering the claim partially secured and partially unsecured under section 506(a), as set forth in the table above.

## Relief Requested

12. By this Motion, the Debtor requests entry of an order under section 506(a) and Rule 3012 (a) valuing the retained vehicle in the amount set forth above; and (b) determining that Santander holds a secured claim in such vehicle only to the extent of the value of that vehicle, with the balance of such claim treated as a general unsecured claim.

## Basis for Relief

13. Section 506(a)(1) of the Bankruptcy Code provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property," and "is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1). A claim is thus bifurcated into secured and unsecured components based on the value of the collateral.

14. Section 506(a)(1) further provides that value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506(a)(1). The Debtor submits that the Kelley Blue Book values used on its schedules reflect the appropriate value of the vehicles for purposes of this Motion.

15. Federal Rule of Bankruptcy Procedure 3012 authorizes the Court, on motion after notice and a hearing, to "determine the amount of a secured claim under § 506(a)." The relief requested is consistent with Rule 3012 and section 506(a).

16. Determination of the secured status of Santander's claim is necessary and appropriate to enable the Debtor to formulate and propose a plan of reorganization that accurately reflects the secured and unsecured portions of Santander's claim and provides for their treatment accordingly.

## Notice

17. Notice of this Motion will be provided to Santander Consumer USA Inc., the Bankruptcy Administrator, and all parties requesting or entitled to notice. The Debtor submits that no other or further notice is required.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (a) granting this Motion; (b) valuing the retained vehicle in the amount set forth in Paragraph 10 above; (c) determining, pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012, that Santander Consumer USA Inc. holds a secured claim in such vehicle only to the extent of the value of that vehicle, with the balance of such claim allowed as a general unsecured claim; and (d) granting such other and further relief as the Court deems just and proper.

Respectfully submitted, this 31st day of July, 2026.

**WALDREP WALL BABCOCK & BAILEY PLLC**

*/s/ Jennifer B. Lyday*
Ciara L. Rogers
N.C. State Bar No. 42571
Jennifer B. Lyday
N.C. Bar No. 39871
Zachary Malnik

N.C. State Bar No. 61807
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: (919)-589-7985
Email: jlyday@waldrepwall.com
*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:**
**MANDS ELECTRIC NC LLC,**
**Debtor.**

**Chapter 11**
**Case No.: 26-01997-5-DMW**

**ORDER GRANTING DEBTOR'S MOTION TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF LIENS HELD BY SANTANDER CONSUMER USA INC.**

THIS MATTER coming before the Court on the Debtor's Motion to Value Collateral and Determine Secured Status of Liens Held by Santander Consumer USA Inc. Pursuant to 11 U.S.C. § 506(a) (the "Motion") filed by Mands Electric NC LLC (the "Debtor"); and the Court having reviewed the Motion and any responses thereto; and it appearing that due and proper notice of the Motion was given to all parties entitled to receive notice; and no timely response or objection having been filed, or any response having been resolved or overruled; and the Court finding that the relief requested is appropriate under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012; and good cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

2. Pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012, the 2024 Chevrolet Silverado 1500, VIN 1GCRAAEK7RZ352909 (account ending 1651, Claim No. 23), securing the claim of Santander Consumer USA Inc., is valued at $22,110.00.

3. The claim of Santander Consumer USA Inc. (Claim No. 23) is an allowed secured claim only to the extent of $22,110.00, and the balance of the claim, in the amount of $16,002.53, is allowed as a general unsecured claim, all as provided in 11 U.S.C. § 506(a).

4. Nothing in this Order constitutes an admission as to the validity, priority, or amount of any claim, and the Debtor's rights to object to Santander's claim on any other grounds are expressly reserved.

5. The Debtor is authorized to take all actions reasonably necessary to effectuate this Order.

**END OF DOCUMENT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, a copy of the foregoing Debtor's Motion to Value Collateral and Determine Secured Status of Liens Held by Santander Consumer USA Inc. Pursuant to 11 U.S.C. § 506(a), the Notice of Motion, and the Proposed Order Granting the Motion were served via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, and via U.S. Mail, first class, postage prepaid, upon the following parties:

**Santander Consumer USA Inc.**
P.O. Box 961245
Fort Worth, TX 76161-1245

Dated: July 31, 2026

**WALDREP WALL BABCOCK & BAILEY PLLC**

*/s/ Jennifer B. Lyday*

Jennifer B. Lyday, N.C. Bar No. 39871
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: (919) 589-7985
Email: jlyday@waldrepwall.com

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **MANDS ELECTRIC NC LLC,** | **Case No.: 26-01997-5-DMW** |
| **Debtor.** | |

**NOTICE OF MOTION**

**TO ALL CREDITORS, PARTIES IN INTEREST, AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN of the Debtor's Motion to Value Collateral and Determine Secured Status of Liens Held by Santander Consumer USA Inc. Pursuant to 11 U.S.C. § 506(a) (the "Motion") filed in the above-captioned case by the Debtor, Mands Electric NC LLC; and

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and request for a hearing is made by any party in interest, in writing to the Clerk of this Court, within fourteen (14) days from the date of this Notice; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing is filed by any creditor or other party in interest named herein in writing by the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time, and place to be later set by the Court, and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Motion ex parte without further notice.

Date of Notice: July 31, 2026

**WALDREP WALL BABCOCK & BAILEY PLLC**

*/s/ Jennifer B. Lyday*
Jennifer B. Lyday, N.C. Bar No. 39871
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: (919) 589-7985
Email: jlyday@waldrepwall.com

*Counsel for the Debtor*