UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MANDS ELECTRIC NC LLC, | Case No.: 26-01997-5-DMW |
| Debtor. | |

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF LIENS HELD BY AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL**

AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), by and through its undersigned attorneys, hereby files this Response in Opposition to Debtor's Motion to Value Collateral and Determine Secured Status of Liens Held by AmeriCredit Financial Services, Inc. d/b/a GM Financial Pursuant to 11 U.S.C. § 506(a) (D.E. 160) (the "Motion"), and in support thereof states as follows:

1. GM Financial is a secured creditor of the Debtor holding purchase-money security interests in, among other vehicles, the following three (3) vehicles that the Debtor proposes to retain (the "Retained Vehicles"):

(a) 2024 Chevrolet Silverado 1500, VIN: 1GCRAAEK1RZ352761 (Claim No. 6);
(b) 2021 Chevrolet Silverado 1500, VIN: 1GCUYEEL4MZ406424 (Claim No. 8); and
(c) 2025 Chevrolet Silverado 1500, VIN: 1GCRAAEK7SZ128223 (Claim No. 12).

2. GM Financial does not object to the Debtor's proposal to surrender the five (5) vehicles identified in Paragraph 11 of the Motion, provided that GM Financial retains all rights

to liquidate or otherwise dispose of the surrendered collateral in accordance with applicable law and that any deficiency remaining after disposition of those vehicles is allowed as a general unsecured claim.

3. GM Financial objects to the Debtor's proposed valuations of the Retained Vehicles. The Debtor proposes to value the Retained Vehicles using Kelley Blue Book values at $22,350.00, $34,569.00, and $30,320.00, respectively. GM Financial submits that these values are not appropriate and do not reflect the replacement value of the Retained Vehicles.

4. Section 506(a)(1) of the Bankruptcy Code provides that value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506(a)(1). Where a debtor proposes to retain and use the collateral, the appropriate standard of value is the replacement value — that is, "the price a willing buyer in the debtor's trade, business, or situation would pay to obtain like property from a willing seller." *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 960 (1997).

5. Section 506(a)(2) prescribes a retail replacement-value measure for individual debtors retaining property for personal, family, or household use. Although the Debtor's vehicles are business-use vehicles, the Debtor proposes to retain and continue using the Retained Vehicles in its operations. Under *Rash* and section 506(a)(1), value should therefore be determined in light of that proposed retention and use, and retail guide values provide a more appropriate measure of replacement value than the lower Kelley Blue Book figures selected by the Debtor.

6. GM Financial submits that the appropriate values of the Retained Vehicles are the NADA Retail values as follows:

(a) 2024 Chevrolet Silverado 1500, VIN: 1GCRAAEK1RZ352761: $28,875.00;
(b) 2021 Chevrolet Silverado 1500, VIN: 1GCUYEEL4MZ406424: $40,125.00; and

(c) 2025 Chevrolet Silverado 1500, VIN: 1GCRAAEK7SZ128223: $33,175.00.

GM Financial's proposed values are supported by the N.A.D.A./J.D. Power Official Used Car Guide valuations for the Retained Vehicles, copies of which are attached hereto as Exhibit "A."

7. The Debtor's reliance on Kelley Blue Book values understates the replacement value of the Retained Vehicles. The NADA Used Car Guide is widely recognized by courts as a reliable indicator of retail replacement value for motor vehicles, and its retail values reflect the price a consumer or business would pay to acquire the vehicle from a dealer which is the standard contemplated by *Rash*.

8. GM Financial's claims with respect to the Retained Vehicles total $125,110.40 as of the Petition Date. The aggregate retail value asserted by GM Financial is $102,175.00. GM Financial acknowledges that its claims are undersecured; however, its secured claims should be fixed at the retail values of $28,875.00, $40,125.00, and $33,175.00, respectively, not the lower Kelley Blue Book values proposed by the Debtor. The difference between the Debtor's proposed valuations and GM Financial's supported retail values totals $14,936.00.

9. GM Financial requests that the Court determine the value of the Retained Vehicles in the amounts set forth above, and that its allowed secured claims be fixed accordingly, with the balance of each claim allowed as a general unsecured claim.

GM Financial further reserves all rights to supplement the evidentiary record, present testimony or other admissible evidence concerning the condition, mileage, options, and replacement value of the Retained Vehicles, and assert any additional objections or defenses available under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or applicable law.

**WHEREFORE**, GM Financial respectfully requests that the Court deny the Motion insofar as it seeks to value the Retained Vehicles at the Kelley Blue Book values proposed by the Debtor, determine the value of the Retained Vehicles in the amounts of $28,875.00, $40,125.00, and $33,175.00, respectively, fix GM Financial's allowed secured claims in those amounts with any remaining balances treated as general unsecured claims, preserve GM Financial's rights with respect to the surrendered vehicles and any resulting deficiencies, and grant such other and further relief as the Court deems just and proper.

Dated: August 18, 2026

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Eudora F. S. Arthur*
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Services, Inc. d/b/a GM Financial*

**CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Response in Opposition on:

MANDS Electric NC LLC
845 Village Road NE
Leland, NC 28451
*Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Response in Opposition was served by electronic means through the Court's CM/ECF service on:

Jennifer B. Lyday
*Attorney for Debtor*

Ciara Rodgers
*Subchapter V Trustee*

Joseph Z Frost
*Trustee*

Brian C. Behr
*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 18, 2026

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Eudora F. S. Arthur*
EUDORA F. S. ARTHUR
NC State Bar Number 59854
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Services, Inc. d/b/a GM Financial*